UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR MENDOZA FELIX,<br>  Plaintiff(s),<br>v.<br>EXPERIAN, et al.,<br>  Defendant(s). | Case No. 2:24-cv-01886-GMN-NJK<br><br>**ORDER** |

  On April 7, 2025, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Docket No. 5. Plaintiff filed an amended complaint. Docket No. 7.[1]

  Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations,

---

[1] The paragraph numbers in the amended complaint restart part way through, *see* Docket No. 7 at p. 4-5, so the Court will cite herein to the page numbers of the amended complaint.

it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Consumer reporting agencies must "conduct a reasonable reinvestigation" when an item in the consumer's credit file "is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute." 15 U.S.C. § 1681i(a)(1)(A). If the reinvestigation reveals that the information is inaccurate or incomplete (or cannot be verified), the credit reporting agency must take appropriate action with respect to the credit report. 15 U.S.C. § 1681i(a)(5)(A)(i) (requiring that, *inter alia*, the credit reporting agency must "promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation"). Plaintiff alleges that he disputed specific information in his credit reports and that each of the credit reporting agency defendants failed to properly investigate and correct errors. *See, e.g.*, Docket No. 7 at p. 3-5.[2] Given Plaintiff's *pro se* status, these allegations are

---

[2] The Court previously dismissed Plaintiff's complaint for failing to comply with the requirements in Rule 8 to sufficiently allege the details of who is being sued, for what relief, and on what theory, with enough detail to guide discovery. Docket No. 5 at 2-3. Plaintiff's amended complaint attaches letters to the credit reporting agencies identifying the particulars of the information at issue. *See* Docket No. 7-1. The Court considers the exhibits herein in finding that a colorable claim has been stated for screening purposes. *See, e.g., Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014).

sufficient at the screening stage to state a colorable claim. *Cf. Doe v. Equifax Info. Sys., LLC*, 2025 WL 1920464, at *1 (E.D. Cal. June 5, 2025).[3]

Having found the amended complaint sufficient for screening purposes, the Court also **ORDERS** as follows:

1. The Clerk of the Court shall issue summons to Defendants, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the amended complaint (Docket No. 7) to the U.S. Marshal for service.

2. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[4] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

3. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and

---

[3] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim against each Defendant. *See, e.g.*, *Bem v. Clark Cty. Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015). It appears that Plaintiff may be attempting to bring additional claims, including claims under state law. *See, e.g.*, Docket No. 7 at 5-7. The Court express no opinion as to the sufficiency of the pleading as to such claims.

[4] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: August 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge