SEYFARTH SHAW LLP
Jennifer R. Brooks
State Bar No. 14480
jrbrooks@seyfarth.com
2323 Ross Avenue
Suite 1660
Dallas, Texas 75201
Telephone:  (469) 608-6730

CLARK HILL, PLLC
Gia N. Marina, Nevada Bar No. 15276
gmarina@clarkhill.com
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada  89135
Telephone:  (702) 862-8300

*Attorneys for Defendant*
*Equifax Information Services LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR MENDOZA FELIX,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN, EQUIFAX INFORMATION SERVICE, LLC, TRANSUNION LLC,<br><br>Defendants. | Case No. 2:24-cv-01886-GMN-NJK<br><br>**JOINT MOTION BY DEFENDANTS EXPERIAN AND EQUIFAX'S MOTION TO STAY DISPOSITIVE MOTIONS DEADLINE PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

COME NOW, Equifax Information Services LLC ("Equifax") and Equifax Information Services LLC ("Equifax") (collectively, "CRA Defendants"), through undersigned counsel and hereby file their Joint Motion to Stay Dispositive Motions Deadline Pending Ruling on Motion for Judgment on the Pleadings (the "Motion to Stay"), and would respectfully show the Court as follows:

1

JOINT MOTION BY DEFENDANTS EXPERIAN AND EQUIFAX TO STAY ACTION PENDING
RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

## I.   INTRODUCTION

Plaintiff, Arthur Mendoza Felix ("Plaintiff"), sued the CRA Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA), 15 U.S.C. § 1681 *et seq*., based on alleged failure to reasonably and properly investigate and report information and alleged failure to promptly delete incorrect information.  *See generally* Dkt. No. 7 (Plaintiff's Amended Complaint).  Plaintiff attempts to allege claims under, among other provisions, §§ 1681e and 1681g(a)(1) of the FCRA, as well as the Nevada reporting statutes.  As set forth in Experian's Motion for Judgment on the Pleadings (Dkt. No. 24), in which Equifax joined (Dkt. No. 29) (the "MJOP"), Plaintiff's lawsuit fails as a matter of law. The current dispositive motions deadline is June 23, 2026 pursuant to the Case Management Schedule (Dkt. No. 23).  Until and unless Plaintiff asserts a viable claim for relief, in the interest of judicial economy, neither the Court nor the parties should expend time and resources litigating this case. Accordingly, the CRA Defendants respectfully request that the Court stay the dispositive motion deadline pending the outcome of the MJOP or alternatively extend that deadline thirty days to allow time for a decision on the MJOP.

## II.   LEGAL STANDARD

This Court "has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). Courts in this District have employed two different tests in deciding whether to stay discovery. Under the first test, called the "preliminary peek test," the Court considers whether "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group, LLC v. Green,* 294 F.R.D. 579, 581 (D. Nev. 2013). Under the second test, called the "good cause test," the Court considers "if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *Jimenez v. GEICO Secure Ins. Co*., No. 2:23-cv-01290-APG-BNW, 2023 WL 8254492, at *8 (D. Nev. Nov. 29, 2023). Regardless of which test the Court uses, a stay of discovery is warranted here.

## III.    ARGUMENT AND AUTHORITIES

**A.    Experian and Equifax's Motion for Judgment on the Pleadings is Potentially Case Dispositive.**

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Courts can exercise their discretion to conclude a temporal stay pending resolution of a motion for judgment on the pleadings is warranted. *Gresham v. Mohr*, No. 2:14-CV-1906, 2016 WL 2654509, at *5 (S.D. Ohio May 6, 2016) (granting defendants' motion to stay the dispositive motion deadline pending resolution of the defendants' motion for judgment on the pleadings). In this case, the MJOP is potentially case-dispositive because it seeks dismissal of Plaintiff's Complaint with prejudice in its entirety. The MJOP clearly shows that this case fails in its entirety because (1) Plaintiff's disputes prior to October 2022 are time barred, (2) fails to plead any facts to establish that there was an actual inaccuracy on his credit report, which is a threshold requirement for any FCRA claim; (3) fails to plead any facts to establish that a CRA defendant's response to his dispute letter violated a statutory duty; and (4) any amendment here would be futile. *See generally* ECF No. 24.

In other words, the MJOP is based on the legal insufficiency of Plaintiff's claims under Rule 12(b)(5) of the Federal Rules of Civil Procedure—and are dispositive of the issues in this case. This counsels in favor of granting a stay. *See Harris v. Am. Gen. Fin. Servs. LLC*, No. 2:10-cv-01662-GMN-LRL, 2010 WL 9519207, at *2 (D. Nev. Dec. 2, 2010).

Additionally, "there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *See Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011) (internal quotations and citation omitted); *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007), *affirmed in part, dismissed in part*, 301 F. App'x 675 (9th Cir. 2008) ("In considering a motion to dismiss under Federal Rule of Civil

3

Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings."). Here, the CRA Defendants request the Court to hold, as a matter of law, Plaintiff fails to plead any facts to establish that there was an actual inaccuracy on his credit report, which is a threshold requirement for any FCRA claim. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Because the MJOP is case dispositive, the Court should stay the dispositive motion deadline currently as June 23, 2026 pursuant to the Case Management Schedule (Dkt. No. 23) while the MJOP remains pending.

**B.    A Preliminary Peek at the Merits of the MJOP Confirms that Plaintiff Cannot State a Claim for Relief.**

Under the preliminary peek analysis, the Court's "role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of" Federal Rule of Civil Procedure 1. *Tradebay, LLC*, 278 F.R.D. at 603. In turn, Rule 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." "With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay, LLC*, 278 F.R.D. at 603. Applying these principles at the pleadings stage, "a district court may stay discovery only when it is convinced that the Plaintiff will be unable to state a claim for relief." *Id.* at 601 (emphasis omitted); *see also St. Clair v. iEnergizer, Inc.*, No. 2:20-cv-01880-GMN-VCF, 2021 WL 725158, at *2 (D. Nev. Jan. 22, 2021) (staying discovery in light of motion to dismiss where there was "a significant likelihood that the claims against the defendant will be considerably limited in scope if not eliminated entirely").

4

Here, entering a stay of the dispositive motions deadline while the MJOP is pending advances the goals of the Federal Rules stated in Rule 1. The CRA Defendants have not moved to dismiss Plaintiff's Complaint merely because he alleges insufficient facts or because the elements of his claims are inadequately pled—deficiencies that could potentially be remedied in an amended pleading. Rather, the MJOP clearly shows that this case fails in its entirety because (1) Plaintiff's disputes prior to October 2022 are time barred, (2) fails to plead any facts to establish that there was an actual inaccuracy on his credit report, which is a threshold requirement for any FCRA claim; (3) fails to plead any facts to establish that a CRA defendant's response to his dispute letter violated a statutory duty; and (4) any amendment here would be futile. *See generally* ECF No. 24.

Accordingly, CRA Defendants respectfully submit that a preliminary peek at the merits of the MJOP confirms that Plaintiff's claim has no merit.

## IV.    Good Cause Exists to Stay the Dispositive Motion Deadline.

Because the preliminary peek standard is met here, it follows that the 'good cause' standard" is also satisfied. *Flynn v. Nevada*, 345 F.R.D. 338, 346 (D. Nev. 2024). Under Federal Rule of Civil Procedure 26(c)(1), the Court "'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including forbidding discovery or specifying when it will occur." *Allegiant Travel Co.,* 2022 WL 7686760, at *3 (quoting Fed. R. Civ. P. 26(c)(1)). Courts will consider the risk of needlessly increasing the parties' costs in determining whether good cause exists for a motion to stay. *McGee v. Donahoe*, No. 2:13-CV-1426-RFB-VCF, 2014 WL 4829642, at *3 (D. Nev. Sept. 30, 2014). The court is required to resolve every proceeding in the interest of securing "the just, speedy, and inexpensive determination of every action." *See* Fed. R. Civ. P. 1.

Staying the dispositive motions deadline will prevent the potentially unnecessary waste of resources and harm to the CRA Defendants. In contrast, Plaintiff is unlikely to experience any

JOINT MOTION BY DEFENDANTS EXPERIAN AND EQUIFAX TO STAY ACTION PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

prejudice if the dispositive motions deadline was stayed. A brief stay of proceedings at the outset of litigation while the Court evaluates the MJOP will not prejudice Plaintiff's ability to pursue his claim, should it survive (and it should not).

## V.    CONCLUSION

For the above-mentioned reasons, the CRA Defendants respectfully request this Court stay the dispositive motions deadline or alternatively extend it thirty days pending this Court's ruling on Experian's Motion for Judgment on the Pleadings, in which Equifax joins.

Dated: June 12, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Jennifer R. Brooks*
Jennifer R. Brooks, Bar No. 14480
jrbrooks@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, TX 75201
Telephone:  (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

O'HAGAN MEYER PLLC

By:  */s/ Inku Nam*
Inku Nam, Nevada Bar No. 12050
inam@ohaganmeyer.com
O'HAGAN MEYER PLLC
300 S. 4th Street, Suite 1250
Las Vegas, Nevada  89101
Telephone:  (725) 286-2801

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

JOINT MOTION BY DEFENDANTS EXPERIAN AND EQUIFAX TO STAY ACTION PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule IA 1-3(f), on June 12, 2026, counsel for Equifax attempted to confer with Plaintiff regarding this Motion by requesting discussions via email. As of the date of this filing, Plaintiff has not provided any response.

/s/ Jennifer R. Brooks
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

JOINT MOTION BY DEFENDANTS EXPERIAN AND EQUIFAX TO STAY ACTION PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S MOTION TO STAY THE DISPOSITIVE MOTION DEADLINE PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

Arthur Mendoza Felix
5115 Dean Martin Dr. Ste 304
Las Vegas, NV 89118
*Pro se Plaintiff*

*Jennifer R. Brooks*
_____
Jennifer R. Brooks
*Counsel for Defendant Equifax Information Services, Inc.*

8

JOINT MOTION BY DEFENDANTS EXPERIAN AND EQUIFAX TO STAY ACTION PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT