**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARTHUR MENDOZA FELIX,

Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*,

Defendants.

Case No.: 2:24-cv-01886-GMN-NJK

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings, (ECF No. 24), to which Defendants Equifax Information Services, LLC and TransUnion LLC filed Joinders, (ECF Nos. 29, 47). Plaintiff Arthur Mendoza Felix filed a Response, (ECF No. 27). Experian filed a Reply, (ECF No. 30), to which Equifax again filed a Joinder, (ECF No. 34).

For the reasons discussed below, the Court GRANTS the Motion for Judgment on the Pleadings and DISMISSES this action with prejudice.

## I. <u>BACKGROUND</u>

This action arises out of a credit reporting dispute. (*See generally* Am. Compl., ECF No. 7). Plaintiff Arthur Mendoza Felix alleges that Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC failed to correct his consumer credit reports upon request. (*See generally id.*). He claims that although he sent five dispute letters to Experian between 2011 and 2023, four dispute letters to Experian between 2022 and 2023, and four dispute letters to Trans Union between 2022 and 2023, Defendants did not alter their reporting. (*Id.* ¶¶ 7–20).

Plaintiff, proceeding pro se,[1] initiated this action on October 5, 2024. (*See generally* Init. Docs., ECF No. 1). United States Magistrate Judge Nancy J. Koppe dismissed his first Complaint with leave to amend because "[t]he underlying factual allegations lack any detail at all, including what information within the credit reports Plaintiff allegedly challenged as being erroneous." (Screening Order 3:3–5, ECF No. 5).

Plaintiff then filed the operative Amended Complaint, which asserts four causes of action: (1) violations of the Fair Credit Reporting Act ("FCRA") by failing to follow reasonable procedures to assure accurate reporting; (2) negligent breach of Nevada credit reporting statutes; (3) willful noncompliance with the FCRA; and (4) emotional distress. (Am. Compl. ¶¶ 22–31). He attaches 15 dispute letters that he alleges he sent to Defendants. (*See generally* Dispute Letters, Ex. 1 to Am. Compl., ECF No. 7-1). Each letter identifies multiple reported debts which Plaintiff demands be "immediately investigated," "removed in order to show my true credit history," and "reverified and deleted from my record." (*See, e.g.*, 2011 Experian Letter, Ex. 1 to Am. Compl., ECF No. 7-1); (*see generally* Dispute Letters, Ex. 1 to Am. Compl.). For each debt, Plaintiff lists the name of the creditor, the account number, and the reported amount of debt. (*See generally* Dispute Letters, Ex. 1 to Am. Compl.). However, none of the letters explain why the reported debt is inaccurate. (*See generally id.*). In addition, Plaintiff provides no allegations or documentation of Defendants' responses, if any, to his letters. (*See generally* Am. Compl.).

Experian subsequently filed the instant Motion for Judgment on the Pleadings, (ECF No. 24), which Equifax and Trans Union joined. (*See* Equifax Joinder, ECF No. 29); (Trans Union Joinder, ECF No. 47).

---

[1] When a party is proceeding *pro se*, like Plaintiff, the Court has a duty to construe his pleadings and other filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A *pro se* filing, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides for judgment on the pleadings "[a]fter the pleadings are closed," but "early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation modified). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss, and courts apply the same standard to both. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that "[t]he principal difference" between Rule 12(b) and Rule 12(c) motions "is the time of filing").

Judgment on the pleadings is thus appropriate under Rule 12(c) where a pleader fails to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court assumes all factual allegations to be true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(c) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply dismiss the action instead of entering judgment. *See Lonberg v. City of*

*Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

## III. <u>DISCUSSION</u>

Experian's Motion for Judgment on the Pleadings, which Equifax and Trans Union joined, argues that Plaintiff fails to establish that Defendants' consumer credit reporting was inaccurate, as required by the FCRA and the corresponding Nevada statutes. (Mot. J. Plead. 6:18–28, ECF No. 24).

All four causes of action rely on Plaintiff's assertion that Defendants' reporting was incorrect. (*See* Am. Compl. ¶¶ 22–31). Section 1681e(b) of the FCRA requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [consumer] report relates." 15 U.S.C. § 1681e(b). To establish a *prima facie* § 1681e(b) violation, "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Information is "inaccurate" where it is either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). Nevada's credit reporting statutes mirror the FCRA, and courts generally apply the same standards to both. *See, e.g.*, *Diaz v. Chase*, No. 2:19-cv-00020-JCM-VCF, 2020 WL 1470900, at *2–5 (D. Nev. Mar. 26, 2020);

*Wilson v. Equifax Info. Servs., LLC*, No. 2:19-cv-00055-RFB-NJK, 2020 WL 2771184, at *5–7 (D. Nev. May 27, 2020).

Plaintiff never explains how Defendants' reporting was inaccurate—for instance, whether a creditor had failed to process a timely payment, or whether a debt was discharged in bankruptcy. *See, e.g.*, *Zimmerman v. Bank of Am., N.A.*, 833 F. Supp. 3d 1067, 1070–71 (N.D. Cal. 2026); *Nissou-Rabban v. Cap. One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1147–51 (S.D. Cal. 2018). The letters attached to the Amended Complaint shed no light on the basis for his disputes; rather, they demand, without explanation, that Defendants reinvestigate the reported debts and remove them from Plaintiff's consumer credit reports. (*See generally* Dispute Letters, Ex. 1 to Am. Compl.). Even aside from the accuracy of Defendants' reporting, Plaintiff's allegations contain barely any factual information at all. He lists the dates on which he sent dispute letters to Defendants, but otherwise, the Amended Complaint merely recites the statutory language of the FCRA and Nevada credit reporting statutes. (*See generally* Am. Compl.). Plaintiff's meager allegations do not permit the Court to "draw the reasonable inference" that Defendants are liable for reporting inaccurate information. *Iqbal*, 556 U.S. at 678. The Court therefore DISMISSES Plaintiff's claims against all Defendants.

The Court will not allow Plaintiff to amend his claims. When his first Complaint was dismissed with leave to amend, Plaintiff was warned against "cutting-and-pasting various statutes" with "underlying factual allegations [that] lack any detail at all, including what information within the credit reports Plaintiff allegedly challenged as being erroneous." (Screening Order 2:25–27, 3:3–6). Plaintiff's Amended Complaint fails to remedy these deficiencies, leading the Court to conclude that a second opportunity to amend would be futile. *See Gonzalez v. v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[A] district court's discretion in denying amendment is particularly broad when it has previously given leave to amend.") (citation modified).

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings, (ECF No. 24), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Request of Judicial Notice, (ECF No. 49), Motion for Determination of Questions of Law, (ECF No. 51), and Motion for Leave to File Surreply, (ECF No. 60), are **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant Experian Information Solutions, Inc.'s Motion to Strike, (ECF No. 53), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice.**

The Clerk of Court is kindly directed to close the case.

**DATED** this 18 day of November, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT